**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THE TRAVELERS INDEMNITY CO.**
**OF CONNECTICUT, et al.,**

       **Plaintiffs,**        **CIVIL ACTION NO. 08-CV-14261-DT**

   vs.

                                   **DISTRICT JUDGE MARIANNE O. BATTANI**

**NATIONAL FAIR HOUSING**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**ALLIANCE, INC.,**

       **Defendant.**
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS (DOCKET NO. 27)**

This matter comes before the Court on Defendant's Motion to Compel filed on August 13, 2009. (Docket no. 27). Plaintiffs have responded. (Docket no. 30). The Defendant has filed a Reply Brief. (Docket no. 37). The parties have filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 42). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 29). A hearing was held on October 23, 2009 at which counsel for both parties appeared. The matter is now ready for ruling.

Plaintiffs filed a declaratory judgment action on October 6, 2008 to determine whether they had a duty to defend or indemnify the Defendant in an underlying action brought by Century 21 Town & Country. (Docket no. 1). Defendant filed a counterclaim against Plaintiffs for breach of contract. Defendant served its First Set of Interrogatories and Requests for Production on April 17, 2009. (Docket no. 27). Plaintiffs responded to the discovery requests on May 18, 2009. (Docket

-1-

no. 1.). In their response, Plaintiffs produced copies of their insurance policies but provided no other information or documents. The Joint Statement of Resolved and Unresolved Issues states that the parties have been unable to resolve issues relating to Interrogatories Nos. 1-11 and Requests for Production Nos. 2-18.

Federal Rule of Civil Procedure 26(b) permits the discovery of nonprivileged information relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Federal Rule of Civil Procedure 37(a)(3)(B) authorizes the Court to compel discovery if a party fails to answer an interrogatory submitted under Rule 33, or fails to properly respond to a request submitted under Rule 34.

Plaintiffs argue that this lawsuit should be determined through the application of three clear and unambiguous provisions in their policies. Plaintiffs filed a Motion for Summary Judgment on September 1, 2009 seeking judgment as a matter of law based on the language of their policies. (Docket no. 31). The Motion for Summary Judgment is scheduled to be heard before the district court on December 16, 2009. Plaintiffs contend in the instant motion that the extrinsic evidence sought by Defendant in its discovery requests is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further contend that the Defendant's discovery should only be permitted if the district court finds that the language of the insurance policies is ambiguous.

Federal Rule of Civil Procedure 26(f) requires parties to address the subjects on which discovery is needed and whether discovery should be limited or conducted in phases. The parties filed their Rule 26(f) report on February 20, 2009. (Docket no. 21). The report does not state that discovery should be limited or bifurcated in any manner. Plaintiffs now seek to limit discovery after

discovery requests have been properly served on them by Defendant. Plaintiffs do this by asserting nearly every available ground for objecting to a discovery request to each and every request made by Defendant, and by failing to provide any information or documents other than their insurance policies.

The Court finds that Interrogatories Nos. 1-11 are relevant to the claims and defenses in this action. Specifically, Interrogatories Nos. 1-6, 9, and 11 ask Plaintiffs to identify individuals with knowledge of the Plaintiffs' insurance policies and the claims and defenses in this action. Interrogatories Nos. 7-8 ask Plaintiffs to explain the factual and/or legal basis for their Affirmative Defenses asserted in Plaintiffs' Answer to Defendant's Counterclaim. Interrogatory No. 10 asks Plaintiffs to identify and provide information for each person they expect to call as an expert witness at trial. The Court further finds that Requests for Production Nos. 9 and 11-13 are relevant to the claims and defenses in this action, because they ask for documents related to Plaintiffs' review of their indemnity and defense obligations and Defendant's claim for coverage.

The Court will order Plaintiffs to serve on Defendant on or before November 6, 2009 signed, complete written answers to Interrogatories Nos. 1-9 and 11. With respect to Interrogatory No. 3, which asks for the name and address of all persons responsible for procuring and underwriting Plaintiffs' policies, Plaintiffs are ordered to respond only for the years 2000 to present. The Court will further order Plaintiffs to supplement their response to Interrogatory No. 10 at the time they file their witness list and no later than November 2, 2009. The Court will further order Plaintiffs to produce responses and documents to Requests for Production Nos. 9 and 11-13 on or before November 6, 2009.

The Court will deny without prejudice Defendant's Motion to Compel responses to Requests

for Production Nos. 2-8 and 10, which pertain to more extensive document requests related to underwriting, drafting history, amendments, internal manuals and guidelines, communications, and document retention policies. These requests may be re-served before the close of discovery and after the district court rules on the Defendant's Motion for Summary Judgment if necessary.

The Court will further deny without prejudice as premature Defendant's Motion to Compel responses to Requests for Production Nos. 14-17, which ask for expert witness qualifications, expert reports, and documents Plaintiffs intend to rely upon at trial.  The Court will deny Defendant's Motion to Compel Request for Production No. 18, because it asks for all documents related to Plaintiffs' responses to Plaintiffs' First Set of Interrogatories and would not produce responsive documents.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiffs to Respond to Defendant's First Set of Discovery Requests is **GRANTED** in part and Plaintiffs will serve the following on Defendant on or before November 6, 2009:

1. Written and signed answers to Interrogatories Nos. 1-9 and 11, except that in relation to Interrogatory No. 3 Plaintiffs' response will be limited to the years 2000 to present.

2.  A written and signed supplemental response to Interrogatory No. 10 on or before November 2, 2009.

3. Written and signed responses to and all documents requested by Requests for Production Nos. 9 and 11-13.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is **DENIED** without prejudice as to Requests for Production Nos. 2-8, 10, and 14-17.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel is **DENIED** with

prejudice as to Request for Production No. 18.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 28, 2009        s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Van Jenkins and Counsel of Record on this date.

Dated: October 28, 2009        s/ Lisa C. Bartlett
                                            Case Manager